IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVO NORDISK INC. and<br>NOVO NORDISK A/S,<br><br>  Plaintiffs,<br><br>  v.<br><br>SUN PHARMACEUTICAL INDUSTRIES LTD.<br>and SUN PHARMACEUTICAL INDUSTRIES,<br>INC.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. _____ |

## COMPLAINT

Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk"), by their undersigned attorneys, for their Complaint against Defendants Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries, Inc. (collectively, "Sun"), allege:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, arising from Sun's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA"), by which Sun seeks approval to market a generic version of Novo Nordisk's pharmaceutical product Ozempic® prior to the expiration of United States Patent Nos. 9,132,239 (the "'239 patent") and 10,335,462 (the "'462 patent"), which cover *inter alia*, Ozempic® and/or its use.

## THE PARTIES

2. Plaintiff Novo Nordisk Inc. ("NNI") is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

3. Plaintiff Novo Nordisk A/S ("NNAS") is an entity organized and existing under the laws of the Kingdom of Denmark, and has its principal place of business at Novo Allé, 2880 Bagsværd, Denmark. NNI is an indirect, wholly-owned subsidiary of NNAS.

4. On information and belief, Defendant Sun Pharmaceutical Industries Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at Sun House, Plot No. 201 B/1, Western Express Highway, Goregaon (East), Mumbai, Maharashtra, India 400063. On information and belief, Sun Pharmaceutical Industries Ltd. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

5. On information and belief, Defendant Sun Pharmaceutical Industries, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2 Independence Way, Princeton, New Jersey, 08540. On information and belief, Sun Pharmaceutical Industries, Inc. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

6. On information and belief, Defendant Sun Pharmaceutical Industries, Inc. is a wholly owned subsidiary of Defendant Sun Pharmaceutical Industries Ltd.

7. On information and belief, Defendants Sun Pharmaceutical Industries, Inc. and Sun Pharmaceutical Industries Ltd. acted in concert to prepare and submit ANDA No. 216478 ("Sun's ANDA") to the FDA.

8. On information and belief, following any FDA approval of Sun's ANDA, Defendants Sun Pharmaceutical Industries, Inc. and Sun Pharmaceutical Industries Ltd. will act in concert to distribute and sell a generic version of semaglutide injection, for subcutaneous use,

2 mg/1.5 ml (1.34 mg/ml) and 4 mg/3 ml (1.34 mg/ml) ("Sun's Product") throughout the United States, including within Delaware.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendant Sun Pharmaceutical Industries Ltd. by virtue of, *inter alia*, its presence in Delaware, having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court (*see e.g.*, *Boehringer Ingelheim Pharmaceuticals et al. v. Sun Pharmaceutical Industries Ltd., et al.*, C.A. No. 21-00356 (D. Del. Mar. 9, 2021)); and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see e.g.*, *Allergan USA, Inc. et al. v. Sun Pharmaceutical Industries Ltd.*, C.A. No. 21-01065 (D. Del. Jul. 23, 2021)).

11. This Court has personal jurisdiction over Defendant Sun Pharmaceutical Industries, Inc. by virtue of, *inter alia*, its presence in Delaware, being a Delaware corporation and having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court; and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see e.g.*, *Pfizer, Inc. et al. v. Sun Pharmaceutical Industries Ltd. et al.*, C.A. No. 19-00758 (D. Del. Apr. 25, 2019); *Boehringer Ingelheim Pharmaceuticals et al. v. Sun Pharmaceutical Industries Ltd., et al.*, C.A. No. 21-00356 (D. Del. Mar. 9, 2021)).

12. On information and belief, Sun intends to sell, offer to sell, use, and/or engage in the commercial manufacture of Sun's Product, directly or indirectly, throughout the United States

and in this District.  Sun's filing of Sun's ANDA confirms this intention and further subjects Sun to the specific personal jurisdiction of this Court.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

14. On September 15, 2015, the United States Patent and Trademark Office issued the '239 patent, entitled "Dial-down mechanism for wind-up pen," a copy of which is attached to this Complaint as Exhibit A.  NNAS is the owner of all right, title, and interest in the '239 patent.

15. On July 2, 2019, the United States Patent and Trademark Office issued the '462 patent, entitled "Use of long-acting GLP-1 peptides," a copy of which is attached to this Complaint as Exhibit B.  NNAS is the owner of all right, title, and interest in the '462 patent.

## OZEMPIC®

16. NNI holds approved New Drug Application No. 209637 (the "Ozempic® NDA") for Ozempic® (semaglutide) subcutaneous solution, 2 mg/1.5 ml (1.34 mg/ml) and 4 mg/3 ml (1.34 mg/ml), which NNI sells under the trade name Ozempic®.

17. The claims of the patents-in-suit cover, *inter alia*, Ozempic® and/or its use.

18. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '239 and '462 patents are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Ozempic®.

## SUN'S ANDA

19. On information and belief, Sun submitted ANDA No. 216478 ("Sun's ANDA") to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market a generic version of semaglutide injection, for subcutaneous use, 2 mg/1.5 ml (1.34 mg/ml) and 4 mg/3 ml (1.34 mg/ml) ("Sun's Product").

20. On information and belief, Sun's ANDA refers to and relies upon the Ozempic® NDA and contains data that, according to Sun, demonstrate the bioequivalence of Sun's Product and Ozempic®.

21. By letter to NNI and NNAS, dated January 27, 2022 (the "Notice Letter"), Sun stated that Sun's ANDA contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '239 and '462 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Sun's Product (the "Paragraph IV Certification"). Sun attached a memorandum to the Notice Letter in which it purported to allege factual and legal bases for its Paragraph IV Certification. NNI and NNAS file this suit within 45 days of receipt of the Notice Letter.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,132,239

22. Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-21 of this Complaint.

23. Sun has infringed the '239 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Sun's ANDA, by which Sun seeks approval from the FDA to manufacture, use, offer to sell, and sell Sun's Product prior to the expiration of the '239 patent.

24. Claims 1-3 of the '239 patent are directed to a dial-down mechanism for an injection device. Sun's manufacture, use, offer for sale or sale of Sun's Product within the United States, or importation of Sun's Product into the United States, during the term of the '239 patent would infringe claims 1-3 of the '239 patent.

25. Novo Nordisk will be harmed substantially and irreparably if Sun is not enjoined from infringing the '239 patent and/or if the FDA is not enjoined from approving Sun's ANDA before the '239 patent expires.

26. Novo Nordisk has no adequate remedy at law.

27. Sun was aware of the '239 patent when it submitted its ANDA. Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 10,335,462**

28. Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-27 of this Complaint.

29. Sun has infringed the '462 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Sun's ANDA, by which Sun seeks approval from the FDA to manufacture, use, offer to sell, and sell Sun's Product prior to the expiration of the '462 patent.

30. Claims 1-10 of the '462 patent are directed to a method of treating type 2 diabetes by administering a semaglutide solution. Sun's manufacture, use, offer for sale or sale of Sun's Product within the United States, or importation of Sun's Product into the United States, during the term of the '462 patent would infringe claims 1-10 of the '462 patent.

31. Upon information and belief, Sun's sale or offer for sale of Sun's Product within the United States, or importation of Sun's Product into the United States, or commercial marketing of Sun's Product in the United States, during the term of and with knowledge of the '462 patent, would intentionally induce others to use Sun's Product in the United States, thus inducing infringement of claims 1-10 of the '462 patent.

32. Novo Nordisk will be harmed substantially and irreparably if Sun is not enjoined from infringing the '462 patent and/or if the FDA is not enjoined from approving Sun's ANDA before the '462 patent expires.

33. Novo Nordisk has no adequate remedy at law.

34. Sun was aware of the '462 patent when it submitted its ANDA. Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Novo Nordisk prays for a judgment in its favor and against Sun and respectfully requests the following relief:

A. A judgment that Sun has infringed the '239 patent;

B. A judgment that Sun has infringed the '462 patent;

C. A judgment ordering that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Sun's ANDA, under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), shall not be earlier than the expiration of the '239 and '462 patents, including any extensions, adjustments, and exclusivities;

D. A judgment, pursuant to 35 U.S.C. § 271(e)(4)(B), preliminarily and permanently enjoining Sun, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from manufacturing, using, offering to sell, or selling Sun's Product within the United States, or importing Sun's Product into the United States, prior to the expiration of the '239 and '462 patents, including any extensions, adjustments, and exclusivities;

E. If Sun commercially manufactures, uses, offers to sell, or sells Sun's Product within the United States, or imports Sun's Product into the United States, prior to the expiration of the '239 and '462 patents, including any extensions, adjustments, and exclusivities, a judgment awarding Novo Nordisk monetary relief, together with interest;

F. An award of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

G. An award of costs and expenses in this action; and

H. Such other relief as the Court deems just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Jeffrey J. Oelke<br>Ryan P. Johnson<br>Robert E. Counihan<br>Laura T. Moran<br>FENWICK & WEST LLP<br>902 Broadway, Suite 14<br>New York, NY  10010-6035<br>(212) 430-2600<br><br>March 4, 2022 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Brian P. Egan*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br><br>*Attorney for Novo Nordisk Inc. and Novo Nordisk A/S* |